IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**AROL STALEY,** *Individually, and on behalf of others similarly situated,*

Plaintiff,

v.

**WILLIAMS MECHANICAL, LLC** and
**EVERETT SCOTT WILLIAMS,** *individually*

Defendant.

No. 3:22-cv-00636
Judge Campbell/Holmes

FLSA Collective Action
**JURY DEMANDED**

**UNOPPOSED NOTICE OF FILING SETTLEMENT AGREEMENT
AND MOTION FOR APPROVAL BY THE COURT**

Comes now Plaintiff and files this Unopposed Notice of Filing Settlement Agreement and Motion for Approval by the Court ("Motion"). In support of this Motion, Plaintiff states the following:

1. On August 17, 2022, Named Plaintiff filed the Original Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA") on behalf of himself and putative collective class members, consisting of current and former employees who worked for Defendant, Williams Mechanical, LLC, during the alleged statutory period, and who were allegedly not paid overtime. *Doc. 01, Compl., ¶¶ 23-45*.

2. At all times, Defendants have denied and continue to deny that they improperly paid Plaintiff, the two Opt-In Plaintiffs, or current and former employees, and further, have denied and continue to deny that Plaintiff, the two Opt-In Plaintiffs or putative collective class members are entitled to any relief whatsoever. Defendants have also denied and continue to deny that this case is suitable for collective action treatment or that it is appropriate for conditional certification.

3. After the filing of the Original Collective Action Complaint, and after Defendants filing of a responsive pleading, the parties voluntarily exchanged documents and information and written discovery. Thereafter, the parties negotiated a settlement as to Plaintiff and the two Opt-In Plaintiffs' *individual* claims only.

4. On February 27, 2023, the parties filed a joint Notice of Settlement, advising the Court that they had reached a settlement, were in the process of preparing the settlement agreement and any additional paperwork necessary to resolve the matter, and would thereafter file a stipulation of dismissal with prejudice. *Doc. 30, Joint Motion to Stay All Proceedings - Notice of Settlement*.

5. After filing the Notice of Settlement, the parties negotiated, drafted and executed the Settlement Agreement, a copy of which is attached hereto as **Exhibit 1**.

6. As part of the Settlement Agreement, Defendants continue to deny any and all allegations of wrongdoing and maintains that Plaintiff's lawsuit and the allegations contained therein are meritless, both as to Plaintiff and the two Opt-In Plaintiffs individually and on behalf of the putative collective class. *Ex. 1, Settlement Agreement, pp. 1, 3*. Further, Plaintiff and the two Opt-In Plaintiffs agree to release any and all claims against Defendants. *Id., pp. 2-3*.

7. Plaintiff requests that the Court approve the settlement and the Settlement Agreement. As discussed above, Defendants have and continue to maintain that it properly paid Plaintiff and the two Opt-In Plaintiffs, therefore, these claims have no merit. Despite this, recognizing the costs and uncertainties of litigation and based on arms-length negotiations in which the parties were each represented by competent counsel, the parties reached an agreement to settle Plaintiff and the two Opt-In Plaintiffs' individual claims. The amount set forth in the Settlement Agreement represents approximately 50% of the unpaid overtime and liquidated damages Plaintiff and the two Opt-In Plaintiffs

claim they are owed and Plaintiff and the two Opt-In Plaintiffs' attorney's fees based on a reasonable hourly rate and costs and expenses.

8. Given the positions of the parties' and their respective strengths and weaknesses, the risk, expense, complexity and likely duration of further litigation, and the experience and views of counsel following the exchange of documents and information, the parties submit that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and specifically, the issue of whether Defendants properly paid overtime to Plaintiff and the two Opt-In Plaintiffs.

9. Defendants do not oppose this Motion.

10. Based on the foregoing, Plaintiff requests that the Court enter an order approving the settlement and the Settlement Agreement.

        Respectfully submitted,

        JACKSON SHIELDS YEISER HOLT
        OWEN & BRYANT

        By:   */s/ J. Russ Bryant*
             J. Russ Bryant, #033830
             262 German Oak Drive
             Memphis, Tennessee 38018
             Telephone: (901) 754-8001
             Facsimile: (901) 754-8524
             rbryant@jsyc.com

        *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 5, 2023, a true and correct copy of the foregoing has been served on the following individuals consenting to electronic service by operation of the Court's electronic filing system:

> R. Eddie Wayland (No. 6045)
> Mark E. Hunt (No. 10501)
> Hunter K. Yoches (No. 36267)
> Marykate E. Williams (MABPR No. 693978)
> KING & BALLOW
> 315 Union Street
> Suite 1100
> Nashville, TN 37201
>
>       */s/ J. Russ Bryant*
>       J. Russ Bryant