IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **AROL STALEY,** *individually, and on behalf of others similarly situated,* ) ) ) | |
| **Plaintiff,** ) ) | NO. 3:22-CV-00636 |
| v. ) ) | JUDGE CAMPBELL |
| **WILLIAMS MECHANICAL, LLC** *and* **EVERETT SCOTT WILLIAMS,** *individually*, ) ) ) ) | MAGISTRATE JUDGE HOLMES |
| **Defendants.** ) ) | |

## ORDER

Pending before the Court is the parties' Notice of Filing Settlement Agreement and Motion for Approval by the Court. (Doc. Nos. 33, 33-1 (Settlement Agreement)).

The Court has reviewed the Settlement Agreement. The proposed Settlement Agreement contains a confidentiality clause. (Doc. No. 33-1 at ¶ 7). Perhaps in tacit recognition that many courts in this District generally do not approve FLSA settlement agreements with confidentiality provisions, the confidentiality provision in this agreement is expressly limited in duration and scope.[1] Paragraph 7 provides that the "terms of the Confidentiality provision will be limited and of no further force and effect upon the filing of this Agreement with the Court as required by Court order; provided, however, that the negotiations and discussions *preceding submission* of the Agreement to the Court shall remain strictly confidential[.]" (*Id*. (emphasis added)). The Court notes that paragraph 10 also limits the

---

[1] Generally, confidentiality provisions in FLSA settlement agreements "contravene[] 'Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace," *Nutting v. Unilever Mfg. (U.S.) Inc*., No. 2:14-cv-022390JPM, 2014 WL 2959481, at *5 (W.D. Tenn. Jun. 13, 2014) (quoting *Dees v. Hydradry, Inc*., 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010)); s*ee also, Camp v. Marquee Construction, Inc*., No. 2:18-cv-831, 2020 WL 59517 (S.D. Ohio Jan. 6, 2020) ("[T]he majority of trial courts in this Circuit have held there is a strong presumption in favor of public access to FLSA settlement agreements in FLSA cases and that a confidentiality provision 'contravenes the legislative purpose of the FLSA'").

parties' ability to discuss the lawsuit and settlement "before approval of this Agreement by the Court," but allows discussion and publication of matters of public record in the Court filings, including the Settlement Agreement, after the Court has approved the Agreement. (*Id*. at ¶ 10). In light of these caveats, the Court finds that the confidentiality and non-disclosure provisions, which are limited to negotiations of the Settlement Agreement and other non-public matters relating to the litigation of the lawsuit, but do not include the Settlement Agreement itself, do not contravene the legislative purpose of the FLSA.

Having reviewed the Settlement Agreement, the parties' motion, and the case file, the Court finds the Settlement Agreement to be a fair and reasonable settlement of the wage claims presented. Accordingly, the motion to approve the settlement agreement (Doc. No. 33) is **GRANTED**.

On or before May 1, 2023, the parties shall submit a proposed agreed order of compromise and dismissal or stipulation of dismissal. Absent the aforementioned filing or other filing from a party, this case will be dismissed with prejudice after that date.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE